UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNARD L. SCHWARTZ,

                *Plaintiff,*

          -against-                                05 Civ. 7943 (PKC) (ECF)

TWIN CITY FIRE INSURANCE COMPANY,
ROYAL INDEMNITY COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, and
NORTH AMERICAN SPECIALTY INSURANCE
COMPANY,

                *Defendants.*

## JOINT PROPOSED QUESTIONS FOR VOIR DIRE

          The parties have met and conferred regarding proposed voir dire, and respectfully request that the Court's examination of prospective jurors include the questions set forth below.  The Court is requested to pursue more detailed questioning if a particular juror's answer to any question suggests that further inquiry is appropriate, concluding, in any such instance, with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of, or against, any party.

**I.**      **Introduction**

          1.      This is a civil case.  The plaintiff, Bernard L. Schwartz, is suing his insurance companies, Twin City Fire Insurance Company, Royal Indemnity Company, Liberty Mutual Insurance Company, and North American Specialty Insurance Company.  This trial is expected to last up to two weeks.

2. Mr. Schwartz is suing his insurance companies in an effort to recover money that he paid to settle a prior lawsuit, along with his attorney's fees from that prior lawsuit and from this lawsuit.

3. The prior lawsuit was a class action lawsuit brought by shareholders of a company called Globalstar Telecommunications, Ltd. Globalstar was in the business of providing satellite telephone service. One of Globalstar's largest investors was another business, called Loral Space & Communications. Mr. Schwartz was chairman and chief executive officer of both Globalstar and Loral. Globalstar's satellite phone business failed, and Globalstar's shareholders sued Globalstar, Loral, and Mr. Schwartz for allegedly making false statements. Both Globalstar and Loral went bankrupt, leaving Mr. Schwartz as the only defendant in the class action lawsuit. Ultimately, Mr. Schwartz and the class action plaintiffs agreed to settle the class action lawsuit during trial for $20 million.

4. Prior to the class action lawsuit, Globalstar had purchased directors' and officers' liability insurance from the defendants: Twin City Fire Insurance Company, Royal Indemnity Company, Liberty Mutual Insurance Company, and North American Specialty Insurance Company. Defendant Twin City provided what is called the "primary layer" of insurance, and each of the other insurance companies — Royal, Liberty Mutual and North American — provided what are called "excess layers" of insurance. In this action, Mr. Schwartz seeks payment under each of the insurance policies issued to Globalstar by the defendants. He also seeks punitive damages against defendant Twin City.

5. Based on what I have told you so far, do any of you have any personal knowledge of the parties in this case or of the dispute that has brought this case to court? Have any of you read or heard anything about this case? [If so, a sidebar conference is requested with the prospective juror.] Is there anything about what you have read or heard that would affect your ability to be a fair and impartial juror in this case?

## II. More About The Parties

6. During the trial, you will hear evidence about the insurance industry, the way decisions are made about making payments on claims and the way insurance companies negotiate in disputes like this one. Is there anything about the nature of this case that would affect your ability to be a fair and impartial juror?

7. Have you or has anyone close to you ever worked for or had any dealings with any of the insurance companies involved in this lawsuit – Twin City, Royal, Liberty Mutual or North American?

8. Twin City is part of a group of companies commonly referred to as The Hartford. Have you or has anyone close to you ever worked for or had any dealings with The Hartford?

9. Royal is part of a group of companies commonly referred to as Royal Sun Alliance. Have you or has anyone close to you ever worked for or had any dealings with Royal Sun Alliance?

10. Have you or has anyone close to you ever worked for another insurance company? If so, what company? What did you or they do there? Is there

anything about these experiences that would affect your ability to be a fair and impartial juror in this case?

      11.    Have you or has anyone close to you ever had a dispute with or made a claim to collect money from an insurance company?  If so, is there anything about your experiences with insurance companies – either positive or negative – that would affect your ability to be a fair and impartial juror in this matter?

      12.    Have you or has anyone close to you ever had a dispute about a contract?  If so, what was the nature of that dispute?  Is there anything about your experience with that contract dispute or its resolution that would affect your ability to be a fair and impartial juror in this matter?

      13.    Do you, or does anyone close to you, own stock in any of the defendant insurance companies or in any other insurance company?   If so, is there anything about your experience as an investor in an insurance company – either positive or negative – that would affect your ability to be a fair and impartial juror in this matter?

      14.    Is there anything else about the fact that the defendants are insurance companies that would affect your ability to be a fair and impartial juror in this matter?

      15.    During the trial, you will also hear about Globalstar and Loral – both telecommunications companies in the satellite and communications industry.  Have you or has anyone close to you ever worked for these companies or for other telecommunications companies? If yes, what did you or they do?  Is there anything about these experiences that would affect your ability to be a fair and impartial juror in this case?

16. Did you or anyone close to you ever invest in Globalstar or Loral? If so, what became of the investment? Is there anything about these experiences that would affect your ability to be a fair and impartial juror in this case?

17. Have you or has anyone close to you ever invested money in a telecommunications company? If so, what became of the investment? Is there anything about these experiences that would affect your ability to be a fair and impartial juror in this case?

18. In general, do you have any opinions about telecommunications companies – either positive or negative – that would affect your ability to be a fair and impartial juror in this case?

19. Have you or has anyone close to you ever worked for a company that went bankrupt? If yes, would this affect your ability to be a fair and impartial juror in this case?

20. Have you or has anyone close to you ever invested money in a company that went bankrupt? If yes, would this affect your ability to be a fair and impartial juror in this case?

21. Have you or has anyone close to you ever invested in the stock market? Have you or has anyone close to you ever lost money in the stock market? If yes, would this affect your ability to be a fair and impartial juror in this case?

### III. Knowledge of the Trial Participants

22. Does anyone here know the plaintiff, Bernard L. Schwartz or recognize his name?

23. Mr. Schwartz is represented by his attorneys, Elkan Abramowitz, Edward Spiro, Richard Weinberg, Thomas Keane and Sarah North of the firm of Morvillo Abramowitz Grand Iason Anello & Bohrer. Does any of you know these attorneys or has anyone had any dealings with them or their firm, directly or indirectly?

24. The insurance companies are represented here as follows:

(a) Twin City Fire Insurance Company is represented by Ira Greenberg and John McCarrick of Edwards Angell Palmer & Dodge;

(b) Royal Indemnity Company is represented by David Sheiffer and Debbie Chun of Wilson Elser Moskowitz Edelman & Dicker;

(c) Liberty Mutual Insurance Company is represented by David Margules and John Seaman of Bouchard Margules & Friedlander, and by Joshua Dratel of the Law Offices of Joshua Dratel; and

(d) North American Specialty Insurance Company is represented by Kevin J. Windels, and Stephen Willig of D'Amato & Lynch.

Have you or has anyone close to you had any dealings either directly or indirectly with any one of these individuals or firms?

25. The following individuals may testify as witnesses at this trial: Lucy Allen, George M. Carver, Wallace Christensen, David DeBerry, Richard F. Hans, Anthony Fowler, Kevin Gadbois, Steven Gladstone, Avi Katz, David J. Kuffler, Michael G. Lederman, Thomas Legenhausen, Jeanne M. Luboja, Jim Maschmeyer, Francis J. Menton, Jr., Joseph Monteleone, E. Joseph O'Neil, John J. Patterson, Scott O. Reed, Jeremy Salzman, Bernard L. Schwartz, Marc M. Seltzer, James A. Skarzynski, and Steven J. Toll.

Does anyone here know any of these individuals or recognize their names?

### IV. Prior Jury Service

26. Have you ever served as a trial juror or a grand juror in any court?

    (a) If so, when did you serve?

    (b) Was (were) the case(s) civil or criminal?

    (c) How did the case conclude?

    (d) Is there anything about your prior experience as a juror that would affect your ability to be a fair and impartial juror in this case?

27. Sometimes before a trial begins, or even after a case go to trial by jury, the case ends up being settled so the jury does not get to decide the verdict. Does anyone here hold an opinion about whether it is better for cases to settle or to be decided by a jury? If so, what is it? Would this opinion affect your ability to serve as a fair and impartial juror in this case?

### V. Experiences with the Legal System

28. Have you ever testified as a witness at a trial or before a grand jury?

29. Have you or has anyone close to you ever sued anyone or been sued by anyone? If so, is there anything about this experience that might affect your ability to be a fair and impartial juror in this matter?

30. Have you ever been a class member in a class action lawsuit? If so, please describe the case and the outcome. Is there anything about this experience that might affect your ability to be a fair and impartial juror in this matter?

   31. Have you or has any member of your family ever been a victim of a fraud?

   32. Have you or has any member of your family ever been charged with committing a fraud?

**VI.** **Individual Questions for Each Juror**

   The parties respectfully request that the Court ask each juror to provide the following information with respect to his or her background:

   33. Please tell us your name.

   34. Where do you live?  What city, town or neighborhood?

     (a) How long have you lived there?

   35. Who lives with you?

     (a) If married, or living with a partner:  For how long?

   36. How far did you go in school?

     (a) If college:  What did you major in?

     (b) If post-graduate:  What is your focus or area of expertise?

   37. What is your occupation?  For whom do you work?

     (a) How long have you worked there?

       (a)(1)  If less than five years:  What did you do previously?

     (b) If a student:  What are you studying?

   38. Have you received any training or education in the law?

   39. Have you received any training or education with respect to insurance?

   40. If you live with another adult(s) what is that person's occupation?

41. Do you have children?

 (a) If yes, what do your children do?

42. What do you do with your leisure time?

 (a) What are your hobbies?

 (b) What organizations do you belong to?

 (c) What magazines or newspapers do you read regularly?

 (d) What are your favorite TV or reality TV shows?

43. What three famous people do you admire most? Admire least?

44. Have you met or known any of the other jurors in this panel prior to today?

 (a) If yes, what is the nature of your relationship with the other juror(s)?

## VII. General Questions for the Panel

45. Do you have any problems with your hearing or vision that would keep you from giving your full attention to this trial?

46. Are you taking any medication that would keep you from giving your full attention to this trial?

47. Do you have any difficulty understanding or reading English?

48. Do you have any religious, philosophical or other beliefs that would make you unable to serve as a fair and impartial juror?

49. In these questions, I have tried to have you consider possible reasons why you might not be able to serve as a fair and impartial juror. Does anyone here have any concern about your ability to serve as a juror in this matter for reasons other than those I have already raised with you? [If yes, sidebar conference is requested.]

## VIII. General Legal Matters

50. If you are selected as a juror in this case, it will be up to you to determine the facts, in other words, what actually happened here. My function, as the judge, will be to determine the legal principles applicable to this case. After all the testimony has been given, and all the evidence has been put in, I will instruct you as to what the law is, and it will be your job to apply that law to the facts as you find them. Is there anyone here who feels that you could not follow my instructions if you did not agree with them? Would you be able to follow my instructions as to the law even if you did not agree with them?

51. Based on what you know so far about this case, do you have any feelings which may affect your ability to consider this case fairly and impartially?

52. Is there anything else you feel you should bring to my attention at this time that you believe would affect your ability to be a fair and impartial juror in this case?

Dated: New York, New York
       November 28, 2006

        MORVILLO, ABRAMOWITZ, GRAND,
         IASON, ANELLO & BOHRER, P.C.

        By:  s/ Edward M. Spiro
           Elkan Abramowitz (EA-3987)
           Edward M. Spiro (ES-1206)
           Richard D. Weinberg (RW-7002)
           Thomas M. Keane (TK-6320)
           Sarah J. North (SN-4558)
        565 Fifth Avenue
        New York, New York 10017
        (212) 856-9600

        *Attorneys for Plaintiff Bernard L. Schwartz*

EDWARDS ANGELL PALMER & DODGE LLP

By: s/ Ira G. Greenberg
    Ira G. Greenberg (IG-6156)
    John F. McCarrick (JM-5053)
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

*Attorneys for Defendant Twin City Fire Ins. Co.*


WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER LLP

By: s/ David S. Sheiffer
    David S. Sheiffer (DS-4198)
    Debbie Chun (DC-6236)
150 East 42nd Street
New York, New York 10017
(212) 490-3000

*Attorneys for Defendant Royal Indemnity Co.*


LAW OFFICES OF JOSHUA L. DRATEL, P.C.

By: s/ Joshua L. Dratel
    Joshua L. Dratel (JD-4037)
14 Wall Street, 28th Floor
New York, New York 10005
(212) 732-0707

BOUCHARD MARGULES & FRIEDLANDER

By: s/ David J. Margules
    David J. Margules (Del. Bar Id. No. 2254)
    John Seaman (Del. Bar Id. No. 3868)
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorneys for Defendant Liberty Mutual Insurance
  Company*

D'AMATO & LYNCH

By: s/ Kevin J. Windels
      Kevin J. Windels (KW-5477)
      Stephen Willig (SW-9847)
70 Pine Street
New York, New York 10270
(212) 269-0927

*Attorneys for Defendant North American Specialty*
  *Insurance Company*

12